UNPUBLISHED ORDER

Not to be cited per Circuit Rule 53

# United States Court of Appeals

For the Seventh Circuit

Chicago, Illinois 60604

Submitted May 3, 2006*

Decided May 10, 2006

Before

**Hon.** RICHARD A. POSNER, Circuit Judge

**Hon.** FRANK H. EASTERBROOK, Circuit Judge

**Hon.** DIANE P. WOOD, Circuit Judge

No. 05-3758

MERDELIN V. JOHNSON,
    *Plaintiff-Appellant*,

    *v.*

GENERAL BOARD OF PENSION & HEALTH
BENEFITS OF THE
UNITED METHODIST CHURCH, *et al.*,
    *Defendants-Appellees*.

Appeal from the United
States District Court for the
Northern District of Illinois,
Eastern Division.

Nos. 02 C 5221 & 04 C 6158
Blanche M. Manning,
*Judge*.

**Order**

The district court dismissed this employment-discrimination suit after finding that the parties had reached a settlement. Both the district judge and the magistrate judge concentrated on the question whether a meeting of minds occurred during the settlement conference on August 31, 2004. We may assume that the record supports their affirmative finding, despite the contrary affidavit from plaintiff's counsel. Still, it remains necessary to examine the document that the parties negotiated. They labored over a comprehensive text rather than free-standing financial and conduct terms. By concentrating attention on whether the parties had pro-

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R. App. P. 34(a); Cir. R. 34(f).

gressed through each step of the court's settlement checklist and achieved consensus, both the magistrate judge and the district judge slighted the document that the parties had initialed.

One of the terms on which the parties' minds met is how a legally binding commitment would be created. The pages from the conference of August 31 are a mix of typed proposals and handwritten amendments, initialed to show that the changes had been approved. As is common when negotiations alter the text one side had furnished, the parties agreed that they could review the finished product before making a commitment. Paragraph 7 reads: "Johnson may accept this agreement by delivering an executed copy of the Agreement to [the office address of defendants' lawyer] on or before September 21, 2004." That gave Johnson a unilateral option to accept the proposal during the next three weeks by signing a polished text and dismissing the suit; defendants then would pay the agreed sum and take other steps. But Johnson decided not to execute the contract, and under the document's own terms this meant that it did not come into force.

Judicial recognition that the parties achieved a "meeting of the minds" does not justify exalting some of the agreed terms (such as the plaintiff's obligation to dismiss the suit) over others (such as how assent is to be given). Paragraph 7 is as much an agreed term as any other. The parties are free to choose for themselves the degree of formality in their relations and the steps that will be required to achieve a legally effective agreement. See, e.g., *Central Illinois Light Co. v. Consolidation Coal Co.*, 349 F.3d 488 (7th Cir. 2003); *Skycom Corp. v. Telstar Corp.*, 813 F.2d 810 (7th Cir. 1987). Many a settlement contract includes time for private reflection, free of any potential pressure from the judiciary and one's adversary, precisely to avoid the sort of fight that has derailed this case. Johnson decided early in September 2004 to decline the option and accept the risk of coming away empty handed. Debating whether the suit was settled has consumed time and resources that could have been devoted to resolving this litigation on the merits.

No further judicially supervised settlement efforts are to be made: Johnson perceives that the judicial focus on settlement in this litigation reflects a reluctance to decide her claim on the merits. Circuit Rule 36 will apply on remand.

REVERSED AND REMANDED